# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 30, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WALTER L. DAVIS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1008** (BOR Appeal No. 2050429)
                    (Claim No. 2014002418)

**MIDNIGHT EXPRESS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Walter L. Davis, by Robert L. Stultz, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Midnight Express, Inc., by Katherine H. Arritt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 30, 2015, in which the Board affirmed an April 16, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's May 13, 2014, decision to close the claim for temporary total disability benefits. The Office of Judges also affirmed the claims administrator's September 22, 2014, decision to deny the request to add headaches as a compensable condition of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Davis, a truck driver for Midnight Express, Inc., was moving a slider on July 16, 2013, to even out the weight on his truck when the slider broke loose and he was thrown into another trailer. Mr. Davis filed an application for workers' compensation benefits and it was held

1

compensable.[1] Thereafter, on August 14, 2013, an electroencephalogram report showed a normal study. A September 24, 2013, electromyography study showed electrophysiological evidence of mild bilateral carpal tunnel syndrome.

Medical records dated December 31, 2013, from Paul Davis, M.D., stated that Mr. Davis was seen with complaints of significant leg pain and sciatica. A recent bone scan revealed uptake in the right pelvis, thoracic, and lumbar spine. Oxycodone was helping his bone pain but his left leg nerve pain was unrelenting. Mr. Davis denied that he suffered from headaches. Dr. Davis's diagnoses were malignant neoplasm of the prostate and unspecified neuralgia, neuritis, and radiculitis. Then on January 13, 2014, Mr. Davis was seen by Natalie King-Selario, D.O., of Bridgeport Express Care for follow-up of his workers' compensation injury. Dr. King-Selario noted that Adnan Alghadban, M.D., had advised Mr. Davis that he was at maximum medical improvement. However, Mr. Davis continued to complain of headaches and dizziness. Dr. King-Selario found Mr. Davis was at maximum medical improvement but was unable to return to his prior employment.

In February of 2014, Dr. Davis re-examined Mr. Davis because of his complaints of chronic back pain. Mr. Davis denied suffering from headaches. The diagnoses were anxiety, lower back pain, chronic pain syndrome, cervicalgia, osteoarthritis, and hypertension. In early April of 2014, Mr. Davis was seen for a follow-up by Dr. Alghadban. He noted that Mr. Davis had responded to injections and was stable on his current medications. Dr. Alghadban recommended continuation of the current treatment regimen.

By report dated April 24, 2014, Bill Hennessey, M.D., performed an independent medical evaluation. Mr. Davis complained of severe and constant right and left occipital head pain, right and left neck pain extending the full length of the neck, and left and right shoulder pain. A physical examination failed to reveal any outward evidence of trauma related to the compensable injury. Dr. Hennessey characterized Mr. Davis's subjectively reported pain to palpation of the entire length of his neck as non-organic. Dr. Hennessey also noted that Mr. Davis's informally observed cervical and shoulder ranges of motion that were much better than his formally assessed cervical and shoulder ranges of motion. Dr. Hennessey noted that post-traumatic headaches decrease in frequency and intensity over time. Dr. Hennessey opined that Mr. Davis's ongoing reports of constant and severe headaches were not consistent with post-traumatic headache syndrome. Based upon his clinical findings, Dr. Hennessey concluded that Mr. Davis had reached maximum medical improvement and suffered from no whole person impairment. The claims administrator closed the claim for temporary total disability benefits on May 13, 2014, based on Dr. Hennessey's findings.

Dr. Alghadban performed a follow-up exam on Mr. Davis's neck pain and headaches on July 8, 2014. He noted that Mr. Davis was responding to injections and was improving somewhat with physical therapy. Dr. Alghadban recommended that Mr. Davis continue with his pain medication and therapy. He also felt repeat injections would be of benefit. A diagnosis update

---

[1] The record does not contain an Order holding the claim compensable or revealing what diagnoses were accepted into the claim.

from Dr. Alghadban dated August 8, 2014, was submitted by Mr. Davis. The doctor requested that a sprain of neck, head injury, pain in thoracic spine, and lumbago be added as compensable injuries.[2] There was also a letter dated August 20, 2014, in which Dr. Alghadban opined that Mr. Davis's headaches were related to a whiplash work injury.[3] He noted that Mr. Davis sustained a traumatic brain injury as a result of his compensable injury, which resulted in post-concussion headaches.[4] Dr. Alghadban opined that it was appropriate to add headaches as a compensable diagnosis in the claim, because the headaches were induced by traumatic brain injury and whiplash.

On September 9, 2014, the claims administrator advised Mr. Davis that he remained eligible for reasonable and necessary medical treatment. The claims administrator denied the request to add headaches as a compensable diagnosis in the claim on September 22, 2014. In early October of 2014, Mr. Davis was deposed. He testified that he was treated by Dr. Dr. King-Selario and Dr. Alghadban for his work injuries. Dr. Dr. King-Selario ordered physical therapy, while Dr. Alghadban treated with injections. Mr. Davis indicated that he was still seeing Dr. Alghadban once a month. He continued to complain of constant headaches and neck pain. Although Mr. Davis had reported occasional headaches prior to the work injury, he denied any prior problems with his neck before the injury. He testified that he suffered a broken hip in 1997 and had stints placed in his heart in 1999. Mr. Davis also indicated that he had been treated for high blood pressure and rheumatoid arthritis prior to the work injury.

Dr. Alghadban authored a letter on October 7, 2014, wherein the doctor indicated that Mr. Davis had sustained a whiplash injury resulting in headaches and neck pain. Dr. Alghadban opined that he would not be able to perform jobs like driving, which require him to turn his neck to the side. Dr. Alghadban opined that Mr. Davis would likely require injections and medication for the next six months to a year.

The Office of Judges determined that the weight of the evidence established that Mr. Davis reached maximum medical improvement and was no longer entitled to temporary total disability benefits. The Office of Judges found that pursuant to West Virginia Code § 23-4-7a (2005), temporary total disability benefits are suspended once a claimant has reached maximum medical improvement, has been released to return to work, or has actually returned to work, whichever occurs first. The Office of Judges found that Dr. King-Selario, Dr. Alghadban, and Dr. Hennessey all agreed that Mr. Davis was at his maximum medical improvement. The Office of Judges concluded that the weight of the medical evidence indicated that Mr. Davis had reached maximum medical improvement by the time the claims administrator closed the claim on May 13, 2014. The Office of Judges determined that the diagnosis of headaches was not a compensable condition. The Office of Judges noted that Dr. Alghadban opined that Mr. Davis's headaches were induced by a traumatic brain injury on July 16, 2013. The Office of Judges found that there was not sufficient evidence of record to conclude that Mr. Davis sustained a

---

[2] These diagnoses are not at issue in this appeal.
[3] Whiplash has not been held compensable in this claim.
[4] A traumatic brain injury has not been held compensable in this claim.

traumatic brain injury as a result of the work-related injury on July 16, 2013. The Office of Judges also noted that it had not been added as a compensable condition. In addition, the Office of Judges found that Dr. Hennessey's opinion was more persuasive. Dr. Hennessey opined that Mr. Davis's reports of constant, severe headaches were not consistent with trauma-induced headaches, as post-traumatic headaches decrease in frequency and intensity over time. The Board of Review adopted the findings of the Office of Judges and affirmed its conclusions.

After review, we agree with the Office of Judges and Board of Review. In relation to the temporary total disability benefits, at least two physicians found Mr. Davis to be at maximum medical improvement. Dr. King-Selario and Dr. Hennessey both found him to be at maximum medical improvement. There was sufficient credible evidence in favor of finding that Mr. Davis had reached his maximum medical improvement. It was also proper for the diagnosis of headaches to be denied because there was insufficient evidence to connect the headaches to the compensable injury. Dr. Hennessey's opinion also supported the notion that the headaches were not characteristic of what would have occurred if the compensable injury caused them.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: September 30, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II